UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOANNE BURROW, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09cv2073 TCM |
| ) | |
| THE BOEING COMPANY, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This pro se employment discrimination action is before the Court on the motion of defendant, The Boeing Company, to dismiss or for further order to compel. This motion [Doc. 35] is denied in part and granted in part as set forth below.

At issue is the completeness of Plaintiff's answers to Defendant's first set of interrogatories and first requests for production of documents and the lack of any answers to Defendant's second set of interrogatories and second requests for production of documents.

Plaintiff has appeared before the Court three times: once for the initial Rule 16 scheduling conference and twice for a hearing on Defendant's motions addressing Plaintiff's discovery responses, or the lack thereof. The Court has cautioned Plaintiff all three times that the litigation she initiated usually produces discovery requests, including interrogatories, requests for the production of documents, and depositions. Regardless, Plaintiff has failed to fully answer some interrogatories, has given evasive responses to a request for the production of documents, has failed to respond to discovery requests, and has not appeared for her deposition.[1] An example of the first is her answer to Interrogatory No. Six of Defendant's First Set of Interrogatories. Asked to "[i]dentify any and all individuals . . . likely to have knowledge or information concerning the events, actions or occurrences upon which the

---

[1]This last failure was the subject of an earlier order.

allegations in [her] Complaint are based" and to provide the names, addresses, and telephone numbers of each, Plaintiff replied, "The Boeing company employees involve [sic] with my claim from management." Another example is her answer to a request in Interrogatory No. Seven for the amount of the loss or damage she *believes* she has sustained as a result of the complained-of conduct. Plaintiff replied, "Unknown." An example of the second is her response to five of Defendant's first requests for the production of document that such documents are in Defendant's or its attorney's possession.

Defendant's counsel has written to Plaintiff listing each response that is incomplete or unacceptable. This same correspondence also listed responses or documents that Plaintiff said were forthcoming, but were not, and attached authorization forms earlier submitted and never completed by her.

When last before the Court, Plaintiff was cautioned that her discovery responses must be appropriately supplemented or completed before her deposition. Plaintiff was also reminded that "[e]ven pro se litigants must comply with court rules and directives." **Soliman v. Johanns**, 412 F.3d 920, 922 (8th Cir. 2005). Her deposition is scheduled for August 17, 2010. Plaintiff must comply with Defendant's outstanding discovery requests and supplement her answers to the interrogatories and document requests listed in Defendant's counsel's letter of July 28, 2010, **on or before August 13, 2010**. **These discovery responses must be delivered to Defendant's counsel's office by 5:00 p.m. that day**. **Failure to comply with this Order will result in the dismissal of this case without prejudice**.

SO ORDERED.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III

Dated this  9th  day of August, 2010.                    UNITED STATES MAGISTRATE JUDGE