# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOANNE BURROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09cv2073 TCM |
| ) | |
| THE BOEING COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This pro se employment discrimination case is before the Court on motions filed by The Boeing Company (Defendant) to dismiss [Docs. 37, 41], for an extension of time to notify Joanne Burrow (Plaintiff) of medical examination and/or designate expert witness [Doc. 38], and to amend/correct the case management order [Doc. 49]. The motions to dismiss have as their focus Defendant's contention that a continuing pattern of delay and disregard by Plaintiff of discovery orders should result in a dismissal of her case with prejudice.

## Background

Plaintiff alleges in her complaint that she was disciplined and suspended by Defendant due to her race, African-American, her sex, and a disability. (Compl. at 3.) On January 26, 2010, Plaintiff and counsel for Defendant appeared at a Rule 16 conference. During this conference, held in open court and on the record, the Court advised Plaintiff that, although she appeared pro se, she was not relieved of the responsibility of complying with the Federal

Rules of Civil Procedure and all appropriate discovery requests made by Defendant. Plaintiff acknowledged her understanding of these important obligations.

On April 21, Defendant filed a motion to compel relating to Defendant's first request for production of documents and first set of interrogatories served on Plaintiff on March 5, 2010, and unanswered to date. (See Doc. 25.) Attached to the motion was a copy of an April 20 e-mail from Plaintiff to Defendant's counsel, advising him that she had lost her file with many of the relevant documents and that she would have to recreate those documents or obtain them from other sources. (Doc. 25-2.) She further stated that she would be requesting a two-week extension. (Id.) She did not.

By Order of April 23, the Court set Defendant's motion to compel for a hearing on May 13. On that day, both parties appeared. After hearing from both parties, the Court granted Defendant's motion and ordered Plaintiff to respond to the outstanding discovery requests no later than May 24.

One month later, on June 23, Defendant filed a motion for sanctions "due to [Plaintiff's] general noncompliance with discovery in this matter." (Mtn., Doc. 31, at 1.) The specific issue was Plaintiff's failure to appear for her videotaped deposition that had been scheduled for five days earlier. The deposition had originally been noticed for June 4. (Mtn. Ex. 1.) The notice included an alternative date of June 18 if the June 4 date was unacceptable. (Id.) On June 1, Defendant's counsel wrote Plaintiff that he was interpreting her silence on whether June 4 or June 18 was more convenient to be a preference for June 18 and that, consequently, he was rescheduling her deposition for June 18. (Mtn. Ex. 2.) On June 15, he e-mailed her requesting that she confirm that she would appear for her June

18 deposition or notify him immediately if she was not. (Mtn. Ex. 3.) He wrote her the next day with the same request; this letter was sent by FedEx. (Id. at 3-4.) Plaintiff telephoned counsel the afternoon before the deposition and left a message that she would not be there the next morning but would be available either on June 25 or July 2. (Mtn. at 5.) The motion for sanctions followed. Among the alternative sanctions requested was an order directing Plaintiff to appear for her deposition at a date certain and to "fully and completely" and timely respond to discovery requests made on June 22. (Mtn. at 1.)

The motion for sanctions was heard on July 23. Plaintiff and Defendant's counsel both appeared. Having listened to both Plaintiff and counsel, the Court determined that Defendant's factual allegations, summarized above, were substantially correct. At this hearing, Plaintiff, for the first time, objected to a videotaped deposition. The Court overruled her objections and directed her to appear for a videotaped deposition on August 17, 2010, at 9:00 a.m.[1]

On August 6, 2010, Defendant filed a "Motion to Dismiss, or for Further Order to Compel." Defendant noted in this motion that the Court had directed Plaintiff at the July 23 hearing to more completely answer certain of Defendant's discovery requests and cautioned her that the Court would entertain a motion to compel if she did not. In the instant motion, Defendant alleged that Plaintiff had not supplemented her answers as directed and,

---

[1] After overruling Plaintiff's objection to her deposition being videotaped, the Court initially provided Plaintiff and defense counsel with a range of times and dates and withdrew from the courtroom so that they could informally arrive at a mutually-agreeable time and date for Plaintiff's deposition. They were unable to do so. Consequently, the Court again took the bench and learned that Plaintiff would not agree to any date but the last date in the range provided by the Court and refused to provide Defendant's counsel with any explanation or to compromise in any way. The Court then chose the date and time for the deposition.

additionally, had not responded at all to a second set of interrogatories mailed on June 22. Defendant argued that the supplemental answers to its first discovery requests and initial answers to it second requests were necessary to enable to "proceed in timely and efficient fashion" with Plaintiff's deposition. (Mtn., Doc. 35, at 2.) Defendant requested that the case be dismissed or, alternatively, that Plaintiff be ordered to fully comply with the discovery requests listed in a July 28 letter to her. That letter set forth the specifics of the deficiencies in Plaintiff's responses to six of the first set of interrogatories and to all but six of thirty-seven requests for the production of documents. (Mtn Ex. 2 at 1-6.) The letter also reminded Plaintiff that she had yet to answer at all the second set of interrogatories and that her answers were due on July 25. (Id. at 6.) This letter and three release forms were also sent by FedEx. (Id. at 12.)

Noting that the discovery requests at issue in this motion had previously been addressed, the Court granted the motion on August 9 insofar as it sought to compel Plaintiff to cure the deficiencies set forth in Defendant's July 28 letter. Her responses were to be delivered to Defendant's counsel's office by 5:00 p.m. on August 13.

In its first pending motion to dismiss, Defendant states that Plaintiff appeared one minute before the deadline and without any responses to its second set of interrogatories. (Mtn., Doc. 37, at 1.) Plaintiff counters, among other things,[2] that she had not completed the

---

[2]Plaintiff also states that the reason her supplemental responses were dated August 4, as emphasized by Defendant when arguing that the August 4 date indicated that Plaintiff chose not to provide her responses until the last minute, was that she "continued to search for answers to Defendant's discovery requests during the time between August 4, 2010 and August 13, 2010, when [she] submitted the response . . . ." (Pl. Mem. at 2.) This statement is in conflict with her deposition testimony that she was unable to get her signature notarized until August 13. (Def. Reply Ex. B at 2.)

- 4 -

second set of interrogatories by the deadline of August 13 because of a confusion due to her pro se status between supplementing the first set and answering the second. She also states that she was filing the answers to the second set contemporaneously with filing her response to the motion to dismiss.[3]

Before Plaintiff filed her response, Defendant filed its second pending motion to dismiss. The basis for this motion was Plaintiff's failure to execute three medical records release forms. As an alternative to a dismissal, Defendant requests that Plaintiff be required to execute and return the medical records release forms by September 15 and that Defendant (1) be given up to and including September 30, 2010, by which to obtain and analyze Plaintiff's medical records and (2) be given additional time, up to and including October 7, within which to notify the Court whether or not it intends to seek a medical or mental examination of Plaintiff and/or to designate an expert witness.[4] Plaintiff responded that she will execute the medical records release forms if a protective order is entered appropriately restricting the disclosure of those records. This is the first time that Plaintiff has raised any concern about the confidentiality of her medical records. In reply, Defendant noted that it has agreed to keep Plaintiff's medical records confidential, but no formal agreement has been created or signed by the parties.

---

[3]The Court notes that Plaintiff was granted, over Defendant's objection, an extension of time up to and including 5:00 p.m. on September 10 within which to file her response. The response was electronically filed on 5:19 p.m. The Court will give Plaintiff the benefit of the doubt and assume her response was brought to the Clerk's Office by 5:00 p.m.

[4]This alternate, extension request is repeated in the pending motion to extend time to notify Plaintiff of medical examination and/or designate expert witness.

The discovery problems in this case are also the basis for Defendant's motion to amend the case management order to extend certain deadlines.

## Discussion

As the above narrative illustrates, a pattern has been established of Defendant advancing some discovery request; Plaintiff failing to comply with that request or to otherwise indicate to Defendant her problem with the request or the reasons why she is hesitant to comply; Defendant moving the Court for, at minimum, an order compelling Plaintiff to answer the requests or appear for her deposition; the Court entering an order, usually after a hearing, directing Plaintiff to comply by a certain date and time; Plaintiff filing her response or otherwise complying with the Court's order close to or at the deadline; Defendant returning to Court with allegations of an incomplete or otherwise inadequate response; and Plaintiff answering Defendant's allegations with reference to a problem or concern not previously cited.

This pattern stops here.

It is well-established that Plaintiff's pro se status does not excuse her from complying with court rules and directives. See **Soliman v. Johanns**, 412 F.3d 920, 922 (8th Cir. 2005); **Bennett v. Dr Pepper/Seven Up, Inc.**, 295 F.3d 805, 808 (8th Cir. 2002); **Ackra Direct Marketing Corp. v. Fingerhut Corp.**, 86 F.3d 852, 856 (8th Cir. 1996); **Carmen v. Treat**, 7 F.3d 1379, 1381 (8th Cir. 1993). An action may be dismissed for "failure to comply with any court order," see Fed.R.Civ.P. 41(b), or on the court's own initiative. **Am. Inmate Paralegal Assoc. v. Cline**, 859 F.2d 59, 61 (8th Cir. 1988); **Brown v. Frey**, 806 F.2d 801, 803 (8th Cir. 1986). This Court's "exercise of this power is within the 'permissible range of

its discretion' if there has been 'a clear record of delay or contumacious conduct by the plaintiff.'" **Id.** (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)). In determining whether to exercise its power, the Court considers the degree of egregious conduct and "'the adverse impact of such conduct upon both the defendant and the administration of justice in [this Court].'" **Smith v. Gold Dust Casino**, 526 F.3d 402, 405 (8th Cir. 2008) (quoting Rodgers v. Curators of the Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998)). The Court must also distinguish "'between contumacious or intentional delay or disregard for deadlines and procedural rules, and a marginal failure to meet pleadings or other deadlines.'" **In re Guidant Corp. Implantable Defibrillators Prods. Liability Litig.**, 496 F.3d 863, 867 (8th Cir. 2007) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)). "[T]he sanction imposed by the district court must be proportionate to the litigant's transgression." **Rodgers**, 135 F.3d at 1219.

Certainly, there is support in the record for a finding of a pattern of intentional delay on Plaintiff's part. Given her pro se status, however, the Court will provide Plaintiff with one last opportunity to meet deadlines and conscientiously prosecute her case.

Accordingly, the following deadlines and orders shall be met and complied with in full. Failure to do so will result in the dismissal of this case without prejudice. If such dismissal is ordered, the Court will further order, however, Plaintiff to pay Defendant the filing fee for the removal of this case before her case may be refiled.

**1. Plaintiff shall sign the outstanding medical record release forms, having her signature notarized if required, and deliver those signed forms to Defendant by 5:00 p.m. on November 1, 2010.**

**2. Defendant shall submit by 5:00 p.m. on November 1, 2010, a proposed order protecting the confidentiality of Plaintiff's medical records to the extent usual and customary in litigation of this type.[5]**

**3. Any requests by Defendant for physical or mental examinations of Plaintiff must be made no later than November 15, 2010. If the request is granted, Defendant shall provide Plaintiff at least ten days notice of such examinations. Plaintiff's failure to participate in any such examination will result in the exclusion of any evidence relating to her claims of a disability or of damages for any physical or emotional harm allegedly resulting from the complained-of events.**

**4. The case management order is hereby amended to provide for the disclosure of expert witnesses by Defendant and the provision of the reports required by Rule 24(a)(2) by December 1, 2010. All discovery must be completed by January 3, 2011.**

**5. Any motion for summary judgment must be filed no later than January 31, 2011. Opposition briefs shall be filed no later than February 28, 2011, and a reply brief may be filed no later than March 11, 2011. No requests for extension of time shall be granted. Any brief that is not timely filed will not be considered when ruling on a motion for summary judgment that is timely filed.**

**6. The provisions of Section III, including the trial date of May 16, 2011, are unchanged.**

---

[5]The Court finds that Plaintiff lost an opportunity to participate in the formulation of this proposed protective order by not presenting her concerns until after the motion to dismiss had been filed.

For the foregoing reasons,

Defendant's motions to dismiss [Docs. 37, 41], for an extension of time to notify Plaintiff of medical examination and/or designate expert witness [Doc. 38], and to amend/correct the case management order [Doc. 49] are **GRANTED** in part and **DENIED** in part as set forth above.

SO ORDERED.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  25th  day of October, 2010.